[Cr. A. No. 681.   Appellate Department, Superior Court, Los Angeles County.—August 3, 1931.]

THE PEOPLE, Respondent, v. J. WOLIN, Appellant.

(1 Cal. Supp. 188.)

Leo V. Silverstein for Appellant.

Charles P. Johnson, City Prosecutor, and Joe W. Matherly and John L. Bland, Deputies City Prosecutor, for Respondent.

SHAW, Acting P. J.—The complaint charges that defendant did "sell and offer for sale and hold out for sale and offer to deliver" adulterated fluid extract of ginger. The statute (Stats. 1907, p. 230) makes it unlawful to "sell or offer for sale, or keep for sale" any adulterated drug, and so defines "drug" as to include fluid extract of ginger. There is no such offense as "holding out for sale", nor (except in case of imported drugs, which is not the charge here) any such offense as "offering to deliver". The conviction must therefore rest for support on the charge of selling and offering for sale. No offer is shown by the evidence. The sale proved was one made to an agent of the state board of health, who announced his authority to defendant and stated that he wished to take officially a sample of the ginger. Thereupon defendant delivered to the agent four bottles of the ginger, for which the agent paid him $1. We do not regard such a transaction as a violation of the statute. Section 9 provides that any agent of the state board of health shall have the right to purchase any drug suspected of being adulterated, or if a sale be refused, to take samples thereof; and section 11 makes it a misdemeanor for any person to refuse to sell such a sample to

such an agent. We cannot ascribe to the legislature an intention to punish as a crime an act, the refusal to do which is also made criminal; and yet, an affirmance of this conviction must rest on such a construction of the statute. In Ohio a similar statute relating to oleomargarine was apparently so construed in *State* v. *Rippeth*, 71 Ohio St. 85 [72 N. E. 298]. The point is not mentioned at all in the majority opinion, but, as appears from the dissenting opinion of Crew, J., it was necessarily involved in the case. We are in accord with the reasoning of this dissenting opinion and refer to it for a fuller expression of our views. We quote from it as follows: "Such furnishing and delivery" (of a sample for analysis) "was, by force of the provisions of section 4200–7, made compulsory, and such furnishing would not, therefore, in legal intendment amount to or constitute a *sale,* inasmuch as in such transaction one of the essential elements of the contract of sale is wanting, viz.: the voluntary assent of the seller. . . . The statute having made the furnishing of a sample, for the purpose of analysis, obligatory and compulsory, a furnishing for such purpose is not a crime, and cannot rightfully be made a predicate for the criminal prosecution of the person so furnishing said sample . . . The legislature is without right to make unlawful and criminal the doing of the very thing which by positive enactment it commands and enjoins to be done. A construction that gives to this statute such an effect and produces such a result, offends against reason and good conscience, renders the statute invalid, and should therefore not be adopted."

In *Lansing* v. *State,* 73 Neb. 124, 127 [102 N. W. 254], a similar statute concerning the sale of adulterated milk was considered, and while the court there held that the evidence did not show a sale under the compulsory provisions (sec. 4) of the statute, it said, "There is no doubt that, if the sale was made in pursuance of section four of the act, the defendant could not be prosecuted for a sale which he was compelled by law to make."

The case appears also to be at least within the spirit of subdivision six of section 26 of the Penal Code, which relieves from criminal responsibility "persons who committed the act or made the omission charged through misfortune or by accident, when it appears that there was no evil

design, intention, or culpable negligence". Certainly the defendant, acting under legal compulsion, could have had no evil design, intention or culpable negligence, and it is not going far, if at all, beyond the facts to say that he made the sale by misfortune.

Under the circumstances of this case perhaps the defendant might properly have been convicted on a charge of keeping the adulterated ginger for sale; but no such charge was made against him. The phrase "hold out for sale", used in the complaint, is not the equivalent of "keep for sale", but can mean, when applied to such a subject matter, nothing other than "offer for sale". See definitions of "hold out" in both Webster's Dictionary and the Standard Dictionary. A conviction of one offense cannot be upheld on proof of the commission of some other distinct offense. (*People* v. *Mitchell*, 74 Cal. App. 164, 169 [240 Pac. 36].)

The judgment is reversed and the cause is remanded for a new trial.

Yankwich, J., *pro tem.*, concurred.